# Exhibit "A"

*Complaint*

Electronically Filed
9/24/2021 10:19 AM
Steven D. Grierson
CLERK OF THE COURT

CASE NO: A-21-841653-C
Department 8

**COMP**
Ian C. Estrada, Esq.
Nevada Bar No. 12575
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
Phone: (702) 444-4444
Fax: (702) 444-4455
E-Mail: Ian@richardharrislaw.com
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JASON LOWE,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART INC. DBA WALMART NEIGHBORHOOD MARKET #4339 a Nevada Domestic Limited-Liability Company; SECURITAS SECURITY SERVICES USA, INC., a Foreign Corporation; DOES 1 through 30; ROE BUSINESS ENTITIES 1 through 30; DOE STAFF MEMBERS 1 through 30, inclusive,<br><br>Defendants. | CASE NO.:<br>DEPT NO.:<br><br>**COMPLAINT** |

COME NOW, Plaintiff, JASON LOWE, individually, by and through his attorney of record IAN C. ESTRADA, ESQ. of the RICHARD HARRIS LAW FIRM, complains and alleges as follows:

### JURISDICTION

1. At all times relevant hereto, Plaintiff, JASON LOWE, was, and is, a resident of Clark County, Nevada.

2. At all times relevant hereto, Defendant WALMART INC DBA WALMART NEIGHBORHOOD MARKET #4339 ("Walmart Neighborhood Market"), is, and at all times relevant hereto was, a Nevada limited liability company duly authorized to conduct business in Las

1

Vegas, Clark County, Nevada and conducted such business at located at 5940 LOSEE RD NORTH LAS VEGAS NV 89081 ("Subject Property").

3. At all times relevant hereto, Defendant SECURITAS SECURITY SERVICES USA, INC is, and at all times relevant hereto was, a Foreign Corporation duly authorized to conduct business in Las Vegas, Clark County, Nevada.

4. That Defendants DOES 1-5 and ROE BUSINESS ENTITIES 1-5 are other owners or operators of the Subject Property.

5. That Defendants DOES 6-10 and ROE BUSINESS ENTITES 6-10 are the managers or controllers of common areas of the Subject Property.

6. That Defendants DOES 11-30 and ROE BUSINESS ENTITIES 11-30 are persons and/or entities whose true names are presently unknown, whose acts and omissions caused or contributed to the injuries of JASON LOWE as described below, or who are statutorily or vicariously liable for the acts and omissions Defendants as described below. Specifically, the Defendants named DOES 21-30 are persons or entities who were tasked with responsibility for providing security for residents, patrons, guests and invitees at the Subject Property; for assuring that the premises were reasonably safe for residents, patrons, guests and invitees of the Subject Property at the times and place described in this complaint.

7. The true names and capacities of the remaining Defendants designated herein as Doe or Roe Business Entities are presently unknown at this time to Plaintiffs, who therefore sues said Defendants by such fictitious names. When the true names and capacities of these defendants are ascertained, Plaintiff will amend this Complaint accordingly.

8. That at all times pertinent, Defendants and each of them were agents, servants, employees or joint venturers of every other Defendant herein, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

9. Defendants designated herein as DOE or ROES BUSINESS ENTITIES, and each of them, are predecessors-in-interest, successors-in-interest, and/or agencies otherwise in a joint venture with, and/or serving as an alter ego of, any and/or all Defendants named herein; and/or are

entities responsible for the supervision of the individually named Defendants at the time of the events and circumstances alleged herein; and/or are entities employed by and/or otherwise directing the individual Defendants in the scope and course of their responsibilities at the time of the events and circumstances alleged herein; and/or are entities otherwise contributing in any way to the acts complained of and the damages alleged to have been suffered by the Plaintiff herein. Plaintiff is informed and, on that basis believe and thereon allege, that each of the Defendants designated as ROE BUSINESS ENTITY is in some manner negligently, vicariously, and/or statutorily responsible for the events and happenings referred to and caused damage to Plaintiff as herein alleged.

10. Defendants, and each of them, are jointly and severally liable for all damages. Defendants, and each of them, acted as the agents of each other.

## JURISDICTION AND VENUE

11. The District Court has jurisdiction over this action pursuant to NRS 3.001 et. seq., as the amount in controversy in this action exceeds $15,000 and pursuant to Article 6 § 6 of the Nevada Constitution.

12. Venue in the Eighth Judicial District Court is proper as the majority of parties and witnesses resides in Clark County, Nevada. Venue is also proper based upon NRS 13.020.

## FACTS COMMON TO ALL CAUSES OF ACTION

13. On or about November 03, 2019, JASON LOWE, was a patron and an invited business guest of Defendants at Walmart Neighborhood Market.

14. Plaintiff JASON LOWE was lawfully on the premises of Defendant Walmart Neighborhood Market when he was attacked by an individual causing him to black out and suffer severe injuries.

15. Upon information and belief, Defendant SECURITAS SECURITY SERVICES USA, INC was Walmart Neighborhood Market's contracted security providers for the Subject Property.

16. Upon information and belief, Defendants were on notice of the likelihood of harm to persons on the Subject Property because Defendants were on aware that the attacker had previously caused problems at the Subject Property prior to the subject attack on Jason Lowe.


RICHARD HARRIS
LAW FIRM

17. Upon information and belief, Defendants were on notice of a long history other violent and/or dangerous activity that occurred at the Subject Property prior to the subject incident.

18. Despite being aware of a long history of violent activity at the Subject Property, Defendants failed to ensure that adequate security measures were implemented for the safety of patrons on the property.

19. Defendants failed to undertake, provide, or furnish reasonable security measures for protection at the Subject Property.

20. Defendants failed to implement adequate security policies and procedures and practices.

21. Defendants failed to properly hire, train, supervise, and retain competent and reasonable security guards.

22. Defendants failed to obtain, seek, or gather information regarding incidents, criminal or dangerous activity, in or around the area of the Subject Property and failed to furnish such information to residents or tenants of the Subject Property.

23. Defendants, through their agent(s) working within the course and scope of his/her/their employment with Defendants, violated their own policies and procedures which relate to security on the Subject Property.

24. Defendants failed to exercise due care to protect Plaintiffs from foreseeable harm by third persons on the Subject Property.

25. As a result of their injuries from the attack, Plaintiffs suffered intense physical and mental pain, disfigurement, shock and agony, all to their damage in an amount of excess of fifteen thousand dollars ($15,000).

## FIRST CAUSE OF ACTION
## NEGLIGENCE
### (All Defendants)

26. Plaintiff incorporates by reference each and every allegation previously made in this Complaint, as if here fully set forth.





27. Defendants owed a duty to JASON LOWE to act as reasonable owners, landlords, property managers, and/or security companies.

28. Defendants owed a duty of care to JASON LOWE to prevent or protect him from unnecessary injury and to maintain the Subject Property in a reasonably safe condition.

29. Defendants failed to undertake, provide, or furnish reasonable security measures for protection at the Subject Property.

30. Defendants failed to maintain proper security measures including, but not limited to, proper locks, alarms, access control, surveillance, pin locks or other similar devices, checkpoints, and other general security measures.

31. Defendants failed to implement adequate security policies and procedures and practices.

32. Defendants failed to properly hire, train, supervise, and retain competent and reasonable security guards.

33. Defendants failed to obtain, seek, or gather information regarding incidents, criminal or dangerous activity, in or around the area of the Subject Property and failed to furnish such information to residents or tenants of the Subject Property.

34. Defendants failed to exercise due care to protect JASON LOWE from foreseeable harm by third persons on the Subject Property.

35. Defendants violated local laws, ordinances, or codes by allowing short-term rentals at the Subject Property and are therefore negligent per se as the incident described herein in the type of incident that such laws are meant to prevent and Plaintiff is in the class or category of persons that such laws are meant to protect.

36. Defendants, through their agent(s) working within the course and scope of his/her/their employment with Defendants, violated its own policies and procedures by allowing an aggravated sexual assault to occur at the Subject Property.

37. As a direct and proximate result of the actions and conduct of Defendants, and each of them, as set forth hereinabove, JASON LOWE was caused to suffer serious injuries, both internal

and external, resulting in JASON LOWE suffering great physical, mental, and emotional pain, suffering and anxiety.

38. That as a further, direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff JASON LOWE has incurred expenses for medical care, treatment and expenses incidental thereto all to their damages in a present amount yet unknown at this time and in this regard Plaintiff prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proved thereof at the time of trial herein.

39. That as a direct and proximate result of the aforesaid negligence of the Defendants, and each of them, JASON LOWE was required to employ physicians, nurses, physical therapists and to procure hospitalization, x-rays, medicine and general medical care and attention.

40. That by reason of the negligence and as a direct and proximate result of said incident complained of herein, JASON LOWE has incurred injuries all to their general and compensatory damage in an amount in excess of $15,000.00.



41. That JASON LOWE has had to retain the services of an attorney to prosecute this matter and is therefore entitled to reasonable attorney's fees and costs of suit incurred herein.

42. That as a proximate result of the aforementioned wrongful conduct of Defendants, and each of them, JASON LOWE suffered pain and suffering, anxiety, worry, mental and emotional distress, and other incidental damages and out-of-pocket expenses, all to his general damage in an amount in excess of $15,000.00.

## SECOND CLAIM FOR RELIEF

### NEGLIGENT HIRING, TRAINING, RETENTION, SUPERVISION, AND MANAGEMENT

### (ALL DEFENDANTS)

43. Plaintiff incorporate by this reference each and every allegation previously made in this Complaint, as if here fully set forth.

44. Defendants owed duties to JASON LOWE to exercise reasonable care in hiring, training, retention, supervision and management of the personnel responsible for manning the

6

entrances and exits of the Subject Property and to provide reasonable security on the Subject Property.

45. Through their acts and omissions herein, Defendants breached these duties.

46. As a direct and proximate result of the actions and conduct of Defendants, and each of them, as set forth hereinabove, JASON LOWE was caused to suffer serious injuries, both internal and external, resulting in JASON LOWE suffering great physical, mental, and emotional pain, suffering and anxiety.

47. That as a further, direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff JASON LOWE has incurred expenses for medical care, treatment and expenses incidental thereto all to their damages in a present amount yet unknown at this time and in this regard Plaintiff prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proved thereof at the time of trial herein.

48. That as a direct and proximate result of the aforesaid negligence of the Defendants, and each of them, JASON LOWE was required to employ physicians, nurses, physical therapists and to procure hospitalization, x-rays, medicine and general medical care and attention.

49. That by reason of the negligence and as a direct and proximate result of said incident complained of herein, JASON LOWE has incurred injuries all to their general and compensatory damage in an amount in excess of $15,000.00.

50. That JASON LOWE and is therefore entitled to reasonable attorney's fees and costs of suit incurred herein.

51. That as a proximate result of the aforementioned wrongful conduct of Defendants, and each of them, JASON LOWE suffered pain and suffering, anxiety, worry, mental and emotional distress, and other incidental damages and out-of-pocket expenses, all to her general damage in an amount in excess of $15,000.00.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally, as set forth below:

1. For past and future general damages, as set forth hereinabove, in an amount in excess of $15,000.00;

2. For past and future special damages, as set forth hereinabove, in an amount in excess of $15,000.00;

3. For punitive damages in an amount in excess of $15,000.00;

4. For all attorney fees, costs incurred and interest, allowable by statute, including, but not limited to NRS 41.1395;

5. For pre-judgment and post-judgment interest; and

6. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED THIS 20th day of September, 2021.

                                                    **RICHARD HARRIS LAW FIRM**

/s/ *Ian E. Estrada, Esq.*

Ian C. Estrada, Esq.
Nevada Bar No. 12575
801 South Fourth Street
Las Vegas, NV 89101
*Attorney for Plaintiff, JAOSN LOWE*